NO. 07-00-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 26, 2001

_____

ALLEN EUGENE MOTE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. 57,403-L; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Allen Eugene Mote was convicted of the misdemeanor offense of record of fraudulent court and sentenced on August 10, 2000, to confinement in the Randall County Jail for 180 days and a fine of $500, probated for two years. A pro se notice of appeal was filed on September 11, 2000.

On March 30, 2001, we abated this appeal because the clerk's record had not been filed, and we had been notified that appellant had failed to pay for preparation of the record. On April 18, 2001, the trial court held a hearing and determined that appellant did not intend to abandon his appeal, was not indigent and would not sign a statement of inability to pay attorney's fees or the cost of a record for his appeal, and committed to pay for the costs of a record from his own funds. The clerk's record was then filed on April 27, 2001, and the reporter's record was filed on May 2, 2001.

Appellant was subsequently informed by this court that his brief was due to be filed by June 1, 2001, and that the Randall County Court Clerk's office retained a copy of the record for the parties' use. *See* Tex. R. App. P. 34.5(g) and 34.6(h). No brief has been filed as of this date. Appellant apparently asserts that he is unable to obtain a copy of the trial court's record.

This sequence of events requires us to abate this appeal for a hearing as provided by Texas Rule of Appellate Procedure 38.8(3). Accordingly, this appeal is abated and the cause remanded to the Randall County Court at Law for a hearing.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant desires to abandon his appeal.

2. If he does not desire to abandon his appeal, the reasons for appellant's failure to file an appellate brief.

2

3.  If appellant has been unable to obtain a copy of the record for purposes of preparation of a brief, what steps need to be taken to ensure that appellant has access to a copy of the record.

4.  If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than August 27, 2001.

It is so ordered.

Per Curiam

Do not publish.